<u>**Document Electronically Filed**</u>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**SCHENCK, PRICE, SMITH & KING, LLP**
10 Washington Street, P.O. Box 905
Morristown, New Jersey 07963-0905
(973) 539-1000
Attorneys for Defendant, Schlesinger Associates, Inc.

| | |
|---|---|
| JUDAH DEVOREAUX,<br><br>    Plaintiff,<br><br>  v.<br><br>SCHLESINGER ASSOCIATES, INC.<br><br>    Defendant. | CASE NO. 08-CV-0074<br><br><br>**ANSWER AND<br>AFFIRMATIVE DEFENSES** |

Defendant Schlesinger Associates, Inc. by way of Answer to the Plaintiff's Complaint, says:

1.    Defendant denies the allegations set forth in paragraph 1 of the Plaintiff's Complaint.

2.    Defendant denies the allegations set forth in paragraph 2 of the Plaintiff's Complaint.

3.    Defendant denies the allegations set forth in paragraph 3 of the Plaintiff's Complaint.

4.    Defendant admits the allegations set forth in paragraph 4 of the Plaintiff's Complaint.

5.    Defendant admits the allegations set forth in paragraph 5 of the Plaintiff's Complaint.

6.    Defendant neither admits nor denies the allegations contained in paragraph 6 of the Plaintiff's Complaint as they call for legal conclusions.

7.    Defendant neither admits nor denies the allegations contained in paragraph 7 of the Plaintiff's Complaint as they call for legal conclusions.

8.    Defendant neither admits nor denies the allegations contained in paragraph 8 of the Plaintiff's Complaint as they call for legal conclusions.

9.    Defendant neither admits nor denies the allegations contained in paragraph 9 of the Plaintiff's Complaint as they call for legal conclusions.

10.    Defendant admits the allegations set forth in paragraph 10 of the Plaintiff's Complaint.

11.    Defendant admits that it is an international market research firm but denies the remaining allegations set forth in paragraph 11 of the Plaintiff's Complaint.

12.    Defendant denies the allegations set forth in paragraph 12 of the Plaintiff's Complaint.

13.    Defendant denies the allegations set forth in paragraph 13 of the Plaintiff's Complaint.

14.    Defendant denies the allegations set forth in paragraph 14 of the Plaintiff's Complaint.

15.    Defendant denies the allegations set forth in paragraph 15 of the Plaintiff's Complaint.

16.    Defendant denies the allegations set forth in paragraph 16 of the Plaintiff's

Complaint.

17.    Defendant denies the allegations set forth in paragraph 17 of the Plaintiff's Complaint.

18.    Defendant admits that Classen was not given a <u>written</u> warning but denies that Classen was never disciplined for his alleged conduct.

19.    Defendant denies the allegations set forth in paragraph 19 of the Plaintiff's Complaint.

20.    Defendant admits that on April 6, 2006, Plaintiff wrote a letter to Steve Schlesinger, Defendant's Chief Executive Officer, and that the letter speaks for itself.  Defendant denies the remaining allegations set forth in paragraph 20 of the Plaintiff's Complaint.

21.    Defendant admits that Plaintiff filed a complaint with the Equal Employment Opportunity Commission but leaves Plaintiff to her proofs as to the remaining allegations set forth in paragraph 21 of the Plaintiff's Complaint.

22.    Defendant admits that Plaintiff resigned her employment effective April 12, 2006 but denies the remaining allegations set forth in paragraph 22 of the Plaintiff's Complaint.

23.    Defendant denies the allegations set forth in paragraph 23 of the Plaintiff's Complaint.

24.    Defendant admits that Plaintiff filed a claim with the N.Y.S. Division of Human Rights and the Equal Employment Opportunity Commission but leaves Plaintiff to her proofs as to the remaining allegations set forth in paragraph 24 of the Plaintiff's Complaint.

25.    Defendant admits that the N.Y.S. Division of Human Rights issued a decision on Plaintiff's claim but leaves Plaintiff to her proofs as to the remaining allegations set forth in paragraph 25 of the Plaintiff's Complaint.

26.    Defendant admits that a hearing on Plaintiff's New York State law claim occurred in January 2008.

27.    Defendant admits that the EEOC issued Plaintiff a right to sue letter but leaves Plaintiff to her proofs as to the remaining allegations set forth in paragraph 27 of the Plaintiff's Complaint.

28.    Defendant admits that Plaintiff filed a claim for unemployment benefits but leaves Plaintiff to her proofs as to the remaining allegations set forth in paragraph 28 of the Plaintiff's Complaint.

29.    Defendant denies the allegations set forth in paragraph 29 of the Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

### (42 U.S.C. § 2000e-3(a), Title VII)

30.    Defendant repeats and re-alleges each and every answer to Paragraphs 1 through 29 of the Complaint as if set forth at length herein.

31.    Defendant neither admits nor denies the allegations contained in paragraph 31 of the Plaintiff's Complaint as they call for legal conclusions.

32.    Defendant neither admits nor denies the allegations contained in paragraph 32 of the Plaintiff's Complaint as they call for legal conclusions.

33.    Defendant neither admits nor denies the allegations contained in paragraph 33 of the Plaintiff's Complaint as they call for legal conclusions.

34.    Defendant neither admits nor denies the allegations contained in paragraph 34 of the Plaintiff's Complaint as they call for legal conclusions.

35.    Defendant denies the allegations set forth in paragraph 35 of the Plaintiff's

Complaint.

36.     Defendant denies the allegations set forth in paragraph 36 of the Plaintiff's Complaint.

37.     Defendant denies the allegations set forth in paragraph 37 of the Plaintiff's Complaint.

38.     Defendant denies the allegations set forth in paragraph 38 of the Plaintiff's Complaint.

39.     Defendant denies the allegations set forth in paragraph 39 of the Plaintiff's Complaint.

40.     Defendant denies the allegations set forth in paragraph 40 of the Plaintiff's Complaint.

41.     Defendant denies the allegations set forth in paragraph 41 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the Complaint with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

### SECOND CLAIM FOR RELIEF

(N.Y. City Admin. Code § 8-107)

56[1].     Defendant repeats and re-alleges each and every answer to Paragraphs 1 through 41 of the Complaint as if set forth at length herein.

57.     Defendant admits that it employs at least four individuals but neither admits nor denies the remaining allegations contained in paragraph 57 of the Plaintiff's Complaint as they

---

[1] The Complaint is numbered incorrectly. Defendant's Answer tracks the paragraph numbers in the Complaint.

call for legal conclusions.

58.    Defendant neither admits nor denies the allegations contained in paragraph 58 of the Plaintiff's Complaint as they call for legal conclusions.

59.    Defendant neither admits nor denies the allegations contained in paragraph 59 of the Plaintiff's Complaint as they call for legal conclusions.

62[2].    Defendant denies the allegations set forth in paragraph 62 of the Plaintiff's Complaint.

63.    Defendant denies the allegations set forth in paragraph 63 of the Plaintiff's Complaint.

64.    Defendant denies the allegations set forth in paragraph 64 of the Plaintiff's Complaint.

65.    Defendant denies the allegations set forth in paragraph 65 of the Plaintiff's Complaint.

66.    Defendant denies the allegations set forth in paragraph 66 of the Plaintiff's Complaint.

68[3].    Defendant denies the allegations set forth in paragraph 68 of the Plaintiff's Complaint.

69.    Defendant denies the allegations set forth in paragraph 69 of the Plaintiff's Complaint.

**WHEREFORE**, Defendant demands judgment against Plaintiff dismissing the Complaint with prejudice, together with costs of suit and such other relief as the Court deems

---

[2] The Complaint is numbered incorrectly. Defendant's Answer tracks the paragraph numbers in the Complaint.
[3] The Complaint is numbered incorrectly. Defendant's Answer tracks the paragraph numbers in the Complaint.

equitable and just.

## DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.  Defendants reserve the right to move, at or before the time of trial, to dismiss the Complaint for failure to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of waiver.

### THIRD SEPARATE DEFENSE

Plaintiff's Complaint is barred by the doctrine of estoppel.

### FOURTH SEPARATE DEFENSE

Plaintiff's Complaint is barred by her election of an administrative remedy.

### FIFTH SEPARATE DEFENSE

All acts of Defendant were at all times performed in good faith and without intent to violate the Plaintiff's rights and without malice.

### SIXTH SEPARATE DEFENSE

Defendant breached no legal duty owing by it to Plaintiff.

### SEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to recover punitive damages.

### EIGHTH SEPARATE DEFENSE

The Plaintiff's Complaint is frivolous, a sham, and states no substantial federal or state question.

### NINTH SEPARATE DEFENSE

The Plaintiff's Complaint is barred by virtue of the applicable Statute of Limitations.

## TENTH SEPARATE DEFENSE

The Plaintiff's Complaint is barred, in whole or in part, by the doctrines of laches and unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is barred by the doctrine of failure to exhaust administrative remedies.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant adopts by reference all separate defenses heretofore or hereafter pled by any and all other defendants named or to be named in this action except such separate defenses as may be made against this Defendant.

**WHEREFORE**, Defendant asks this Court to dismiss the Complaint and enter judgment in favor of Defendant.

## DEMAND FOR A STATEMENT OF DAMAGES

Defendant demands that plaintiff furnish a written statement of the amount of damages claimed in this action.

## CERTIFICATION REGARDING OTHER ACTIONS PENDING

On or about April 17, 2006, Plaintiff filed a complaint with the New York State Division of Human Rights which was docketed as Case No. 10111273. On January 9 and 10, 2008, a

hearing was held on Plaintiff's Division of Human Rights case before the Honorable Thomas S.
Protano.  This case is currently pending.

<b><u>DEMAND FOR TRIAL BY JURY</u></b>

Defendant demands a trial by jury as to all issues so triable.

**SCHENCK, PRICE, SMITH & KING, LLP**
Attorneys for Defendant,
Schlesinger Associates, Inc.

By: _____
Kathryn V. Hatfield (KH7427)

Dated: February 27, 2008.

<u>**Document Electronically Filed**</u>

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**SCHENCK, PRICE, SMITH & KING, LLP**
10 Washington Street, P.O. Box 905
Morristown, New Jersey 07963-0905
(973) 539-1000
Attorneys for Defendant, Schlesinger Associates, Inc.

|  |  |
|---|---|
| JUDAH DEVOREAUX, <br><br>           Plaintiff, <br><br>     v. <br><br> SCHLESINGER ASSOCIATES, INC. <br><br>           Defendant. | CASE NO. 08-CV-0074 <br><br><br> **CERTIFICATION OF SERVICE** |

KATHRYN V. HATFIELD, of full age, hereby certifies and says:

1.      I am a partner with the law firm of Schenck, Price, Smith & King, LLP, attorneys Defendant Schlesinger Associates, Inc. in the within matter.

2.      On February 27, 2008, Defendant's Answer, Affirmative Defenses, Demand for Statement of Damages, Certification Regarding Other Actions, and this Certification of Service were electronically filed with the Court and electronically served on all attorneys receiving electronic notice.

3.      I certify that the statements made by me herein are correct to the best of my knowledge, information and belief. I understand that, should any of these statements prove to be willfully false, I am subject to appropriate punishment.

{00950549.DOC;1 }

**SCHENCK, PRICE, SMITH & KING, LLP**
Attorneys for Defendant,
Schlesinger Associates, Inc.

By: _____
Kathryn V. Hatfield (KH7427)

Dated: February 27, 2008.

<u>**Document Electronically Filed**</u>

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**SCHENCK, PRICE, SMITH & KING, LLP**
10 Washington Street, P.O. Box 905
Morristown, New Jersey 07963-0905
(973) 539-1000
Attorneys for Defendant, Schlesinger Associates, Inc.

|  |  |
|---|---|
| JUDAH DEVOREAUX,<br><br>        Plaintiff,<br><br>    v.<br><br>SCHLESINGER ASSOCIATES, INC.<br><br>        Defendant. | CASE NO. 08-CV-0074<br><br><br>**RULE 7.1 DISCLOSURE STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 7.1, to enable judges and magistrate judges of the court to evaluate possible disqualification or recusal, the undersigned counsel certifies that Defendant Schlesinger Associates, Inc. has no parent corporation and that, to the best of Defendant's knowledge, no publicly held corporation owns 10% or more of its stock.

**SCHENCK, PRICE, SMITH & KING, LLP**
Attorneys for Defendant,
Schlesinger Associates, Inc.

By: _____
      Kathryn V. Hatfield (KH7427)

Dated: February 27, 2008.

{00930549.DOC;1 }